(64 App. Div. 220.)

### WILLEY v. GREENFIELD et al.

(Supreme Court, Appellate Division, Third Department. September 4, 1901.)

**1. EJECTMENT—DEEDS—CHAMPERTY.**
Where plaintiff in ejectment has legal title to the premises, defendant's occupancy without permission is not such possession under claim of title as to make the deed to plaintiff champertous.

**2. SAME—ADVERSE POSSESSION.**
Where plaintiff holds legal title to land in defendant's possession under foreclosure in 1889, and it was occupied by the mortgagor until the foreclosure, defendant's claim by adverse possession for 20 years is not sustained.

**3. SAME—FALSE REPRESENTATIONS—MATERIALITY.**
False representations by plaintiff in obtaining his deed are immaterial in ejectment, since, if the defendants had any equitable rights, their possession at the time of giving the deed was constructive notice of such rights, and such rights were superior to plaintiff's, whether the purchase was in good or bad faith.

**4. SAME—TAX SALES—RIGHTS OF REDEMPTIONER.**
Where, in ejectment, plaintiff holds the legal title, redemption by defendants of the sale of the land for unpaid taxes gives them no interest or right of occupancy, as against the deed given by the owner to plaintiff.

**5. SAME—PLEADING AND PROOF.**
Defendants in ejectment, to establish an interest in the land by redemption from a tax sale, cannot prove, over objection, a reliance on the promise of the owner through whom plaintiff claimed, without any allegation that such redemption was made on the faith of the promise.

Appeal from special term, Tompkins county.

Action by Albert S. Willey against Luther Greenfield and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

The action is in ejectment. The defendants are in possession of certain land, formerly the property of the New York & Oswego Midland Railroad Company, which land adjoins upon the south the premises of the defendants. In 1889 the New York & Oswego Midland Railroad Company abandoned its road. Its property was sold upon foreclosure of a mortgage, at which sale the property, including the land in question, was purchased by George M. Diven. The plaintiff claims under a deed from George M. Diven dated March 25, 1897. The defenses are: First, that the deed from Diven was champertous, as given while the defendants were in possession of the property, claiming title; second, that the deed was obtained from Diven by false representations of the plaintiff to the effect that he owned property adjoining the premises in question; third, that the defendants have held adversely for more than 20 years; and, fourth, that upon a sale for unpaid taxes in 1895 of a part of this property the same was purchased by the plaintiff, and from this sale the defendants redeemed, and paid the taxes due thereupon, and that the sum so paid has not been tendered back to the defendants.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

William Hazlitt Smith, for appellant.

F. E. Tibbetts, for respondents.

SMITH, J. With legal title in the plaintiff, the right to possession follows, unless the defendants have established a legal or equitable claim superior to the plaintiff's title. The possession of the defendants was not even that of a licensee. There is no claim of permission to occupy any portion of the land, except a small strip off from the north end, and as to that the claimed permission is not shown to have been given by any one connected with the railroad who had any authority to give the same. There is therefore no such possession under any claim of title as can make the deed to the plaintiff champertous. Arents v. Railroad Co., 156 N. Y. 1, 50 N. E. 422; Crary v. Goodman, 22 N. Y. 170; Higginbotham v. Stoddard, 72 N. Y. 94.

No title can be claimed by adverse possession, because the land was occupied by the railroad company until the foreclosure of the mortgage in 1889, except the small strip, and as to that there was no occupation by defendants before that time under any claim of title.

That the deed from Diven was obtained by false representations is immaterial. If the defendants have any equitable rights to such land, the possession of the defendants at the time of the giving of the deed was constructive notice of such rights, and those equitable rights were superior to plaintiff's, whether the purchase was made in good faith or bad. If the defendants had no equitable rights at the time, the fraud of the plaintiff in the procurement of the deed is of no concern to them, as a fraudulent deed can only be avoided by the party defrauded, or some one in legal privity to him.

The last defense urged by the defendants is that they had some rights growing out of their redemption of the land from the sale for unpaid taxes. Whatever right an occupant may have to redeem from a sale for unpaid taxes, we are referred to no statute and no authority which gives to such occupant upon such redemption any title or interest in the land. He is given no lien upon the land for the moneys paid. His redemption, therefore, is simply for the protection of such right of occupancy as he may have independently of such redemption. The mere fact, therefore, of the redemption from this sale for unpaid taxes gives to the defendants no interest in the land, or no right to occupancy, as against the deed given by the owner of the land to the plaintiff.

But, to give force to such redemption, defendants further claim that their redemption of this land was under a promise made by Diven, the owner of the land, that adjoining owners who redeemed from such sale for taxes might have the right to possession of the lands sold. There is no finding by the court that such a promise was made to defendants, or made generally by Diven, nor that the redemption by defendants was made upon the faith thereof. Upon a careful review of the evidence, however, I think that such findings would be justified. But the defendants are here met with the objection that no such defense is pleaded. Defendants have pleaded that while in possession of the land they redeemed, but there is no allegation that such redemption was upon the faith of any promise made to the effect that a redemption by them should give to them an interest in the land. Upon the offer to prove that defendants relied upon such a promise in redeeming the land, the objection was duly made that such fact was not pleaded. This objection was improperly overruled, and the fact was sworn to that the defendants redeemed in reliance upon such an assurance. But a recovery must be secundum allegata et probata. This judgment cannot be sustained upon proof of any matters not alleged, to which proof objection was duly and properly made. Whatever support, therefore, the defendants might claim from these facts if properly pleaded, such support must be denied to them by reason of their failure to allege such defense.

We conclude, therefore, that the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed on the law and facts, and new trial granted; costs to appellant to abide event. All concur.